UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULL NAME<br>Petitioner(s),<br>VOLODYMYR TURCHYN<br>v.<br><br>NAME OF WARDEN<br>WARDEN, ADELANTO ICE PROCESSING CENTER<br><br>Respondent(s). | CASE NUMBER:<br><br>(leave blank – supplied by Clerk of Court) |

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN IMMIGRATION CUSTODY (28 U.S.C. § 2241)**

**PERSONAL INFORMATION**

1. (a) Your full name: Volodymyr Turchyn

   (b) Named used by immigration court if different than above: TURCHYN, VOLODYMYR NMN

2. A-Number: A 234-742-708

3. Place of Detention: Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301

## CURRENT DETENTION AND IMMIGRATION PROCEEDINGS

4. Date you were taken into present immigration custody or other official restraint:

   September 18, 2026

5. Describe how and where you were taken into immigration custody:

   Officers of ERO Los Angeles arrested Petitioner at about 9:23 a.m. on September 18, 2026 at Los Angeles International Airport as he deplaned from a scheduled commercial flight, in a targeted enforcement operation. The presently available record does not establish that an arrest warrant existed when Petitioner was seized. Petitioner challenges the arrest authority and requests production of any contemporaneous warrant and issuance records. He was taken to the Los Angeles Field Office and then to the Adelanto ICE Processing Center.

6. What country or countries does the Government allege you are a citizen of?

   Ukraine

7. Do you have an order of removal?

   Yes ● No

8. If yes, on what date was the removal order issued? ______

9. Which countries does the removal order designate for removal? ______

10. Is the Government trying to remove you to a country or countries other than the countries designated in an order of removal?

    ☐ Yes ☐ No

11. If so, what country or countries? ______

12. If you have an order of removal, provide the type of order:

    ☐ Removal order issued by an Immigration Judge (IJ)

    ☐ Expedited removal order

☐ Reinstated removal order

☐ Other: ____________________

13. If an IJ issued the order of removal, did you waive an appeal to the Board of Immigration Appeals (BIA)?

☐ Yes ☐ No

14. If you appealed to the BIA, has the BIA dismissed your appeal?

☐ Yes ☐ No

15. If yes, on what date did the BIA dismiss your appeal?____________________________________

16. If the BIA dismissed your appeal, did you file a petition for review with the Ninth Circuit Court of Appeals?

☐ Yes ☐ No

17. If your case is pending at the Ninth Circuit, do you have a stay of removal?

☐ Yes ☐ No

18. Do you have a pending immigration case in which you are contesting the Government's removal charges or seeking relief from removal?

● Yes No

19. If yes, where is your case currently pending?

☒ Immigration Court

☐ BIA

☐ Ninth Circuit Court of Appeals. Provide Case Number: ______________________________

☐ Other ____________________________________________________________________

20. Has an IJ granted any applications for relief from removal?

Yes ● No

21. If yes, on what date did the IJ grant the relief? ______________________________

22. What type of relief from removal?

23. Have you had a bond hearing in immigration court?

● Yes No

24. If you answered "yes" to Question 23, then provide:

(a) Date of bond hearing: October 8, 2026

(b) The IJ found that:

☐ I am not eligible for a bond hearing.

☒ I cannot be released because I am a danger or flight risk.

☐ I should be released on the following conditions:

☒ Other: No bond amount, conditional parole, or condition of release was addressed.

25. If you were denied release at a bond hearing, did you appeal to the BIA?

Yes ● No

26. If you answered "yes" to Question 25, then provide:

(a) Date of Appeal to BIA: ______________________________

(b) Outcome of Appeal

☐ Affirmed IJ bond decision

☐ Reversed IJ bond decision

☐ I am waiting for BIA bond decision

☐ Other: ____________________________________________

27. If you answered "no" to Question 25, state if you plan to appeal to the BIA or, if not, explain why you do not plan to appeal to the BIA:

Appeal reserved; the deadline is November 9, 2026. The arrest-authority and pre-deprivation claims are beyond the Board's authority, and the burden allocation challenged is the Board's own. See supplemental petition, Part VI.

## PREVIOUS DETENTION

28. Prior to your current detention, have you ever been detained and later released from immigration custody?

Yes ● No

29. If you answered "yes" to Question 29, please describe all the periods in which you have previously been in immigration custody.

30. Were you subject to any conditions upon your previous release(s)?

☐ Yes ☐ No

31. If you answered “yes” to uestion 31, please describe any conditions of your previous release(s):

☐ Order of Supervision

☐ Order of Release on Recognizance

☐ Parole

☐ Other: ______________________________________________________

## GROUNDS FOR YOUR PETITION

32. State every ground (reason) that supports your claim that you are being held or restrained unlawfully. State the facts supporting each ground. You may attach additional pages if necessary to provide legal arguments and supporting authority. You may also attach any documents relevant to your claims.

**GROUND ONE**:

Fifth Amendment procedural due process: detention imposed with no pre-deprivation notice, statement of reasons, or hearing, against presence and employment the Government itself authorized.

Supporting facts:

The United States admitted Petitioner as a J-1 exchange visitor on May 25, 2024. On July 25, 2024 USCIS receipted his Form I-589 and told him in writing that he may remain in the United States until it is decided. USCIS issued him an Employment Authorization Document in category C08 valid through January 20, 2030 and accepted his annual asylum fee on November 1, 2025. He lived and worked openly in Austin, Texas. Respondents arrested him on September 18, 2026 without any prior notice, statement of reasons, or opportunity to be heard. The custody hearing held twenty days later did not supply the process that was due before the deprivation. See the supplemental petition filed with this form.

**GROUND TWO**:

Fifth Amendment procedural due process: the burden of justifying civil confinement was placed on Petitioner rather than on the Government.

Supporting facts:

At the October 8, 2026 hearing the immigration judge stated on the record that "the respondent bears the burden in today's hearing." The Department's only exhibit was its arrest report, and it argued flight risk alone. Petitioner submitted one hundred and seventeen pages of evidence. The immigration judge credited Petitioner's lease and steady employment but denied release, treating as a significant negative factor his own prediction, formed on a quick review of the asylum application, that Petitioner is very unlikely to obtain relief. He never addressed any bond amount, conditional parole, or the conditions proposed. See the supplemental petition and Exhibit H filed with this form.

**GROUND THREE**:

Arrest Without Established Warrant Authority or Statutory Exception, 8 U.S.C. § 1357(a)(2); 8 C.F.R. §§ 287.8(c)(2), 287.3.

Supporting facts:

A warrantless immigration arrest requires reason to believe both that the person is in the United States in violation of law and that the person is likely to escape before a warrant can be obtained. Respondents' report describes a TSA lead referral, records checks on that lead, and a targeted operation built around a known flight and arrival time. The record does not show any warrant in existence at the time of the seizure or any escape-risk determination; it records an examination by an officer other than the arresting officers, the procedure 8 C.F.R. § 287.3 prescribes for arrests without a warrant. Petitioner asks that Respondents produce any Form I-200 with its issuance time. See the supplemental petition.

## REQUEST FOR RELIEF

33. State exactly what you want the court to do:

Petitioner requests that the Court issue the writ, declare his detention unlawful, and order his immediate release on conditions no more restrictive than those under which he lived before September 18, 2026, with return of his property and documents; enjoin re-detention absent written notice of the reasons, a neutral decisionmaker's finding of materially changed circumstances, and an individualized hearing at which Respondents bear the burden by clear and convincing evidence; order production of any warrant of arrest and of any escape-risk determination; and award fees and costs under 28 U.S.C. § 2412. The full prayer is set out in the supplemental petition.

## DECLARATION UNDER PENALTY OF PERJURY

If you are in custody, on what date did you place this petition in the mail system: ___________

I declare under penalty of perjury that I am the Petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: October 16, 2026

_______________________________________________

*Signature of Petitioner*

/s/ Deron E. Smallcomb

*Signature of Attorney or other authorized person, if any*